E-FILED
Thursday, 19 March, 2026  02:52:33 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**ROCK ISLAND DIVISION**

| | | |
|---|---|---|
| **JEREME MAXWELL,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 25-4115** |
| | ) | |
| **JOHN DOES** *et al.*, | ) | |
| **Defendants.** | ) | |

**ORDER**

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court for screening is a Complaint (Doc. 1) and a Petition to Proceed *in forma pauperis* ("IFP") (Doc. 3) filed by Jeremy Maxwell, a resident of the Illinois Department of Human Services Treatment and Detention ("TDF") Facility under the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1 *et seq*. Plaintiff has also filed Motions for Counsel (Doc. 4), Extension of Time (Doc. 8) and Status (Docs. 12, 15, 19).

**I.      Screening Standard**

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding IFP "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. §

1915(d)(2).

In reviewing the complaint, the district court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II.    Background

The Court takes judicial notice of *Maxwell. v. Jackson*, case No. 23-4024, which Plaintiff filed in this Court. *See White v. Keely*, 814 F.3d 883, 886 (7th Cir. 2016) (stating that courts "may take judicial notice of public records, including public court documents").

In *Maxwell*, the undisputed facts established at summary judgment show that on April 1, 2021, Plaintiff went to TDF's property room, where he became frustrated because a parcel addressed to him contained one too many video disks. After a Security Therapy Aide ("STA") asked Plaintiff to choose which disk to return, Plaintiff shoved a cart into a table that struck the STA's leg. Plaintiff then punched and strangled a second STA. When a third STA came to render assistance, Plaintiff locked his legs onto that STA's head. On April 2, 2021, internal affairs investigator Marie Durant interviewed Plaintiff, who admitted to the physical altercation on April 1, 2021, adding that he "had 'tunnel vision' and did not care who he hurt, and said he wanted to hurt people." (*Id.*, Doc. 71 at 4.) A Behavioral Committee later found Plaintiff committed battery, which is considered a major violation. The Court granted the defendants summary judgment on Plaintiff's excessive force and objectively unreasonable medical care claims. (*Id.*, Doc. 71 at 4, 6.)

### III.     Factual Allegations

Plaintiff identifies the following TDF officials: Marie Durant, Shan Jumper, and John and Jane Does, who Plaintiff asserted were members of the Risk Assessment Team.

Plaintiff's pleading is difficult to decipher, but Plaintiff often refers to case 23-4024 and requests the Court's assistance in what he characterizes as "an abuse of power and false arrest." (Pl. Compl., Doc. 1 at 11.) Specifically, Plaintiff asserts that he became aware of information acquired through discovery in case No. 23-4024, that Defendant Durant, who Plaintiff claims is a Risk Assessment Team member, authored a false investigative report that was neither finished nor signed, which referred aggravated battery charges to the Schuyler County State's Attorney's Office that Plaintiff states declined prosecution. (*Id*. at 10; Pl. Exh., Doc. 101 at 1.) Plaintiff then asserts that while he was in quarantine for COVID-19 from April 1 to May 21, 2021, a Behavioral Committee determined on April 6, 2021, that Plaintiff had committed the offense of battery, which was classified as a major violation. Plaintiff claims he did not receive prior notice of the proceedings, which imposed restrictions on TDF job opportunities, recreation, and participation in treatment team groups. Plaintiff also noted that he was placed in black box restraints when travelling outside TDF and required all male escorts when travelling inside TDF. Plaintiff claims these restrictions impose "significant hardships." (Pl. Compl., Doc 1 at 10-11.)

### IV.     Analysis

Plaintiff does not state a claim against Defendant Durant because an unsigned, incomplete draft written by Durant does not satisfy the elements of a claim under § 1983. *See Garza v. Henderson*, 779 F.2d 390, 395 (7th Cir. 1985) ("As in a common law tort action,

the plaintiff in a civil rights tort action bears the burden of establishing that the defendant owed the plaintiff a duty, that the defendant breached his duties to the plaintiff, and that this breach caused the plaintiff actual damages.").

Plaintiff also does not state a claim against Defendant Jumper, as Plaintiff does not mention any act or omission that establishes or permits the inference that Jumper committed a constitutional violation. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) ("For a defendant to be liable under section 1983, she must be personally responsible for the alleged deprivation of the plaintiff's constitutional rights.").

The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law." *Id*. In *Sandin v. Conner*, 515 U.S. 472, 483 (1995), the United States Supreme Court explained that state-created liberty interests-which is to say, due process protections—"will be generally limited to freedom from restraint which, ... imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Id*. at 483. "In the absence of such 'atypical and significant' deprivations, the procedural protections of the Due Process Clause will not be triggered." *Lekas v. Briley*, 405 F.3d 602, 608 (7th Cir. 2005); *see also Miller v. Dobier*, 634 F.3d 412, 414-15 (7th Cir. 2011) ("Disciplinary measures that do not substantially worsen the conditions of confinement of a lawfully confined person are not actionable under the due process clause.").

Despite Plaintiff's characterization regarding the security measures imposed after he admittedly assaulted staff, they do not establish a due process violation. *See Levi v. Thomas*, 429 F. App'x 611, 612 (7th Cir. 2011) (Consistent with *Miller*, we conclude that the

black box restraint as applied to [the plaintiff]—imposed only on detainees who were found to have committed major rule violations and when transported off-site—does not pose an atypical or significant hardship; rather it constitutes an "additional restriction[ ] ... too limited to amount to a deprivation of constitutional liberty.") (quoting *Id*. 634 F.3d at 414-15).

Additionally, "[a]lthough generally a plaintiff is not required to plead around an affirmative defense, such as a statute of limitations, the district court can dismiss a complaint as untimely if the plaintiff has admitted all the elements of the affirmative defense . . . ." *Khan v. United States*, 808 F.3d 1169, 1172 (7th Cir. 2015); *see also Liberty v. City of Chicago*, 860 F.3d 1017, 1019 (7th Cir. 2017) ("'[A]ll that is required to start the statute of limitations running is knowledge of the injury and that the defendant or an employee of the defendant acting within the scope of his or her employment may have caused the injury.'") (quoting *Arteaga v. United States*, 711 F.3d 828, 831 (7th Cir. 2013) (citations omitted)).

The inference drawn is that after Plaintiff was released from quarantine on May 21, 2021, the restrictions were effective, having been implemented on April 6, 2021, by Plaintiff's own account. Indeed, Plaintiff raised this due process claim in his initial pleading, filed in March 2023, in *Maxwell. v. Jackson*, case No. 23-4024 (Doc. 1), which he abandoned when filing his amended complaint (Doc. 25). However, Plaintiff waited over two years to renew his claim, and thus it is barred by the statute of limitations. *See Lewis v. City of Chicago,* 914 F.3d 472, 478 (7th Cir. 2019) ("A § 1983 claim borrows the statute of limitations for analogous personal-injury claims in the forum state; in Illinois that period

is two years.") (citing 735 Ill. Comp. Stat. 5/13-202); *see also Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018) ("[T]he statute of limitations for section 1983 actions filed in Illinois is two years.").

Consequently, Plaintiff's Complaint is dismissed as it fails to state a claim upon which relief can be granted. However, if Plaintiff believes he can revise his pleading to state a cause of action, he may file a motion for leave to file an amended complaint. If Plaintiff decides to file an amended complaint, his amended pleading must be attached to his motion for leave.

The Court does not accept piecemeal amendments. Plaintiff's amended complaint must stand independently without reference to his initial filing and contain all claims against all defendants. Plaintiff's amendment must specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.").

The Court informs Plaintiff that any attempt to join unrelated claims and defendants in his amended complaint is not permitted. *See* Fed. R. Civ. P. 20(a)(2). In other words, multiple claims against a single defendant are allowed, but "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits." *Id*.

V.    **Outstanding Motions**

A. **Counsel**

Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept *pro bono* appointments in civil cases. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a district court may, in its discretion, request counsel to represent indigent civil litigants in certain circumstances). In considering Plaintiff's motion for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff's Motion for Counsel (Doc. 4) is denied because he has not satisfied his threshold burden of demonstrating that he has attempted to hire counsel, which typically requires writing to several lawyers and attaching the responses received.

B. **Petition to Proceed in Forma Pauperis and Status**

Plaintiff's IFP Petition (Doc. 3) is granted. The Court has since determined that no fee will be assessed, as Plaintiff's trust fund ledgers for the past six months show an average monthly balance of less than one dollar. Thus, Plaintiff's Motion for an Extension of Time to file his trust fund ledgers (Doc. 8) is moot. Plaintiff's Motions for Status (Docs. 12, 15, 19) are moot with the entry of the Court's Order.

**IT IS THEREFORE ORDERED:**

1) **The Court DISMISSES Plaintiff's Complaint (Doc. 1) for failure to state a federal claim on which relief may be granted as required by 28 U.S.C. § 1915A(b)(1).**

2) **The Court GRANTS Plaintiff leave to file an Amended Complaint within thirty days of the entry of this order and in compliance with the Court's guidance. If Plaintiff does not submit an amendment on or before the thirty-day deadline, the Court will dismiss Plaintiff's case without prejudice.**

3) **Plaintiff's IFP Petition (Doc. 3) is GRANTED.**

4) **Plaintiff's Motion for Counsel (Doc. 3) is DENIED.**

5) **Plaintiff's Motions for Extension of Time (Doc. 8) and Status (Docs. 12, 15, 19) are MOOT.**

ENTERED March 19, 2026.


s/ *Colleen R. Lawless*

_____

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE